UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Harold Lyons<br><br>  Plaintiff,<br><br>v.<br><br>The Outsource Group dba Medicredit, Inc.<br><br>  Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Harold Lyons, ("Harold"), is a natural person who resided in Picture Rocks, Pennsylvania, at all times relevant to this action.

2. Defendant, The Outsource Group, doing business as, Medicredit, Inc. is a Missouri corporation and at all times relevant to this action had a debt collection office in Houston, Texas.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Medicredit collected consumer debts.

6. Medicredit regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of Medicredit's revenue is debt collection.

8. Medicredit is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, Medicredit contacted Harold to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Harold is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around February 2013, Medicredit began contacting Harold on his personal home telephone and leaving voice messages in connection with the collection of the debt.

13. On or around September 18, 2013, Medicredit called Harold's personal home telephone in connection with the collection of the debt and spoke with Harold's wife, ("Wife").

14. During this communication, Wife requested Medicredit cease further calls to Harold's personal home telephone.

15. During this communication, Medicredit argued with Wife and told Wife that Medicredit could call as many times as Medicredit wanted.

16. Despite this request, on or around September 19, 2013, Medicredit called Harold's personal home telephone number in connection with the collection of the debt.

17. During this communication, Wife again requested Medicredit cease further calls to Harold's personal home telephone.

18. Despite repeated requests to Medicredit to cease calls to Harold's personal home telephone, Medicredit contacted Harold on his personal home telephone on more than one occasion.

19. Medicredit attempted to collect a debt from Harold.

20. Medicredit violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:     s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip
Attorney in Charge
Ohio Bar # 0079315
Southern District of Texas Bar # 0079315
917 W. 18th Street, Suite 200
Chicago, IL  60608
Phone:  312-380-6110
Fax:  312-361-3509
jeffrey@lifetimedebtsolutions.com


Date:  May 6, 2014